UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.S., A MINOR, BY HIS PARENT J.S., Plaintiff, | : | CIVIL ACTION NO. 3:01-CV-1757 (GLG) |
| v. | : | |
| THE BROOKFIELD BOARD OF EDUCATION, Defendant. | : | DECEMBER 19, 2003 |

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, the defendant, Brookfield Board of Education ["the Board"], hereby respectfully requests that this court enter summary judgment on its behalf with respect to the sole count of the plaintiff's September 11, 2001 Complaint. In that Complaint, the plaintiffs attempt to state a cause of action in the form of an administrative appeal under the Individuals with Disabilities Education Act, specifically 20 U.S.C. §1415(i)(2) thereof ["IDEA"], from a final decision in an administrative, special education due process hearing. More specifically, the plaintiffs demand that this court reverse Final Decision and Order 99-026, which was issued on July 30, 2001 by a State of Connecticut Department of Education hearing officer. The plaintiffs' claims, however, find no support either

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

in the undisputed material facts or in the applicable law. More specifically, there is no cognizable basis for the plaintiffs' conclusory assertions that the hearing officer erred in dismissing the parents' hearing request.

In stark contrast, the facts, including the parents' own sworn testimony, clearly establish that the parents intentionally and admittedly prevented the Board from evaluating P.S. on the advice of their attorney because they were afraid they would not like the results of the evaluation. Both federal and state law mandates an evaluation prior to determining a child's eligibility for special education services. In turn, eligibility must be established prior to the provision of special education programming and placement. Consequently, the parents' refusal to allow the Board to evaluate P.S. thwarted the Board's attempts to determine P.S.'s eligibility for special education and, if he were deemed eligible, deprived the Board of the opportunity to formulate appropriate educational programming and to determine an appropriate placement in the least restrictive environment.

The IDEA expressly provides that if the Board notifies parents of its intent to evaluate their child but the parents refuse to make him available for that evaluation and instead unilaterally place him, reimbursement for the cost of that unilateral placement can be denied. 20 U.S.C. §1412(a)(10)(C)(iii)(II); 34 C.F.R. §300.403(d)(2). Additionally, the IDEA permits the denial of such reimbursement based upon "a judicial finding of unreasonableness with respect to actions taken by the parents." 20 U.S.C. §1412(a)(10)(C)(iii)(III); 34 C.F.R. §300.403(d)(3).

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

The parents predicated this case, as well as the underlying hearing, upon the Board's purported failure to evaluate, identify, program for and place P.S. despite the fact that they refused to make P.S. available for an evaluation, even when ordered to do so by the administrative hearing officer. Thus, the parents deprived the Board of any opportunity to evaluate, and consequentially, to take any further steps with respect to P.S.'s possible identification, programming and placement. As such, the parents' actions were patently unreasonable.

In accordance with Rule 7(a) of the Local Rules of Civil Procedure, the Board submits herewith a supporting memorandum of law. Similarly, pursuant to Rule 56(a) of the Local Rules of Civil Procedure, the Board files herewith its statement of material facts not in dispute.

THEREFORE, for the reasons set forth herein, as well as in the accompanying memorandum of law and Local Rule 56(a) Statement, the Board respectfully asks that this court enter summary judgment on behalf of the Board, thereby affirming the hearing officer's decision in the underlying administrative hearing.

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

THE DEFENDANT,
BROOKFIELD BOARD OF EDUCATION


By /s/ Michael P. McKeon
Michael P. McKeon
Federal Bar No. ct02290
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, Connecticut  06105-4286
Telephone:  (860) 233-2141
Facsimile:  (860) 233-0516
E-mail:  mmckeon@sscc-law.com

4

## CERTIFICATION

This is to certify that a copy of the foregoing Defendant Brookfield Board of Education's Motion for Summary Judgment was sent via first-class mail, postage prepaid, on this 19th day of December 2003 to Jennifer D. Laviano, Esq., 77 Danbury Road, Suite C-6, Ridgefield, Connecticut 06877.

_____
Michael P. McKeon

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326