UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| P.S., A MINOR, BY HIS PARENT, J.S. : | CIVIL ACTION NO. |
| Plaintiff, : | 3:01CV1757 (GLG) |
| : | |
| v. : | |
| : | |
| THE BROOKFIELD BOARD OF : | |
| EDUCATION : | |
| Defendant. : | April 7, 2004 |

## PLAINTIFF'S LOCAL RULE 56(a)2 STATEMENT

Pursuant to Rule 56(a)2 of the Local Rules of Civil Procedure, the Plaintiffs hereby submit the following responses to the Defendant's 56(a)2 Statement.

1.   Admitted.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   Admitted.

5.(sic)  Admitted.

6.   Denied, in that Plaintiffs do not recall who initiated the contact. Testimony of Mr. S., December 6, 1999, pages 24 and 28, Exhibit 7 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

7.   Admitted.

1

8. Denied. Testimony of Mrs. S., September 1, 1999, pages 41 through 42, Exhibit 3 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

9. Admitted.

10. Denied. Testimony of Mrs. S, September 1, 1999, pages 50 through 51, Exhibit 1 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion; Notice and Consent to Conduct an Initial Evaluation, Exhibit K to Defendant's 56(a) Statement.

11. Denied. Testimony of Mrs. S., September 1, 1999, pages 50 to 51, Exhibit 1 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

12. Denied as to refusal to provide Yale discharge summary. Testimony of Mrs. Sorenson, December 6, 1999, pages 74 through 75, Exhibit 6 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion. Admitted as to Mrs. S's testimony that discharge summary was a medical summary. Admitted that Yale report notes that the parents were in the process of arranging homebound tutoring.

13. Denied. Testimony of Mr. S., December 6, 1999, pages 36 through 37, Exhibit 9 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

14. Admitted.

15. Admitted.

16. Admitted.

17.   Admitted as to employment with CCATS and Admitted as to Mr. Sorenson not making educational decisions at Danbury Hospital. Denied as to Mr. Sorenson's opinion of ACCESS's appropriateness. Testimony of Mr. Sorenson, December 6, 1999, page 100, Exhibit F attached to Defendant's Rule 56(a) Statement.

18.   Admitted.

19.   Denied. Testimony of Dr. Gelinas, March 8, 2000, page 25, Exhibit M to Defendant's Rule 56 Statement. Testimony of Dr. Gelinas, March 8, 2000, page 15, Exhibit 11 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion; Parent's Exhibit 8 in underlying administrative hearing. Admitted that Dr. Gelinas never conducted an educational evaluation of P.S. and never attended a PPT for P.S. Denied that Dr. Gelinas did not know what approach was employed with P.S. at ACCESS. Testimony of Dr. Gelinas March 8, 2000, page 87, Exhibit 11 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion. Admitted that Dr. Gelinas never provided the Board with an opinion regarding P.S.'s educational program outside of testimony.

20.   Denied. Testimony of Dr. Gelinas, March 8, 2000, pages 74 to 75, Exhibit 11 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

21.   Admitted.

22.   Admitted.

23.   Admitted as of December 6, 1999.

24.   Admitted.

25.   Admitted.

26. Denied. Testimony of Mrs. S., September 1, 1999, pages 50 to 51, Exhibit 1 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

27. Admitted.

28. Admitted as to the Motion made by the Board. Denied as to whether objection was made. A.R. 16

29. Admitted.

30. Admitted.

31. Admitted as to the delay of the Hearing Officer in ruling on the Board's Motion. Denied as to lack of opportunity on the Board's part to call witnesses. Statement of Attorney Justino Rosado, May 16, 2001, page 38, Exhibit S of Defendant's Rule 56 Statement.

32. Admitted.

33. Admitted.

34. Admitted.

35. Admitted.

## DISPUTED ISSUES OF MATERIAL FACT

In addition to the denials of Defendant's Local Rule 56(a) Statement above, the Plaintiffs submit the following disputed issues of material facts:

1. The Plaintiffs contacted the Defendant regarding P.S. in December of 1998, and special education homebound services were provided by the Defendant without a PPT, an evaluation by the Board, or identification of P.S. as eligible for special

education services. Testimony of Mrs. S., September 1, 1999, pages 41 through 42, Exhibit 3 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

2.    The Defendant was informed by the Plaintiffs the week of December 21, 1998 that P.S. had been hospitalized at Yale Psychiatric Institute and had been diagnosed with schizophreniform disorder. The Defendant did not arrange for a PPT to be called to discuss P.S. Testimony of Mr. S., December 6, 1999, pages 23 through 29, Exhibit 7 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

3.    The Defendant was not planning a PPT or evaluation for P.S. until the Plaintiffs contacted the Defendant following the suggestion of CCATS staff in January, 1999. Testimony of Mrs. S., September 1, 1999, page 41, Exhibit 3 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

4.    The Defendant did not request information, documentation, or releases to obtain same from the Plaintiffs or outside professionals from early December, 1998 until the PPT of February 10, 1999. Testimony of Mrs. S., September 1, 1999, page 41 through 42, Exhibit 3 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

5.    The Plaintiffs attended the February 10, 1999 PPT and provided a copy of the YPI discharge summary which was copied by the Defendant. Testimony of Mr. Sorenson, December 6, 1999, page 75, Exhibit 6 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

6. The Defendants did not consider the information provided by the parent at the February 10, 1999 PPT or determine whether they Yale report justified identification under the IDEA. Testimony of Mrs. S., September 1, 1999, pages 50 to 51, Exhibit 1 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

7. The Defendants recommended that the Plaintiff attend the District's alternative high school over the objections of the parent and Mr. Sorenson. Testimony of Mrs. S., September 1, 1999, pages 50 to 51, Exhibit 1 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion; testimony of Mr. Sorenson, December 6, 1999, pages 71 through 73, Exhibit 8 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

8. The Defendant did not propose psychiatric evaluation at the February 10, 1999 PPT, and did not propose assessments to ascertain whether P.S. had a disability in the areas suspected until the Board's March 4, 1999 Motion for Interim Order. Notice and Consent to Conduct an Initial Evaluation, Exhibit K to Defendant's 56(a) Statement; Motion for Interim Order, Exhibit P to Defendant's Rule 56 Statement.

9. The Plaintiffs were not properly informed of the purpose of the proposed assessments or that they were appropriate and reasonable. Testimony of Mrs. S., September 1, 1999, pages 50 through 51, Exhibit 1 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

10. The individual proposed by the Defendant to assess P.S., Ms. Lois Pernice, was not qualified or experienced in the area of assessment of individuals with

schizophreniform disorder. Notice and Consent to Conduct an Initial Evaluation; testimony of Dr. Colen, December 3, 1999, page 12, Exhibit 12 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

    11.    The Plaintiff P.S. was in danger of a second psychotic break if he had been subjected to inappropriate testing, programming, or severe anxiety. This would have potentially permanent results. Testimony of Dr. Gelinas, March 8, 2000, pages 37 through 43, Exhibit 13 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion; testimony of Dr. Colen, December 3, 1999, pages 22 through 26, Exhibit 14 attached to Plaintiff's Memorandum of Law in Opposition to Defendant's Summary Judgment Motion.

The Plaintiffs By_____
Jennifer D. Laviano
Jennifer D. Laviano, P.C.
77 Danbury Road, Suite C6
Ridgefield, CT 06877
(203) 431-4757
Juris No. 17601

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 8th day of April, 2004;

Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, CT  06105-4286
(860) 233-2141

                                                  Jennifer D. Laviano
                                                Jennifer D. Laviano, PC
                                                77 Danbury Road, Suite C6
                                                Ridgefield, CT  06877
                                                (203) 431-4757
                                                Fed. No. 17601