UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| P.S., A MINOR, BY HIS PARENT J.S.,  :<br>Plaintiff,                                     : | CIVIL ACTION NO.<br>3:01-CV-1757 (GLG) |
| v.                                              : | |
| THE BROOKFIELD BOARD OF     :<br>EDUCATION,                              :<br>Defendant.                     : | MARCH 24, 2005 |

### MEMORANDUM OF LAW IN OPPOSITION TO
### PLAINTIFF'S MOTION TO RECONSIDER

The defendant, Brookfield Board of Education ["the Board"], hereby submits its memorandum of law in opposition to the plaintiff's February 14, 2005 Motion to Reconsider. With this memorandum, the Board respectfully requests that the court deny the plaintiff's Motion to Reconsider on the ground that the motion is merely a rehash of what the plaintiff already unsuccessfully argued. The plaintiff neither cites new law nor identifies new facts that were not already known to him. The plaintiff's motion constitutes nothing more than the proverbial second bite, and as such, it falls far short of what this court has called the "stringent standards" of Rule 7(c) of the Local Rules of Civil Procedure. Martin v. Dupont Flooring Systems, Inc., 2004 WL 1171208, *1 (D. Conn. May 25, 2004), a copy of which is appended hereto. Therefore, the plaintiff's motion must be denied.

I.   **LEGAL STANDARD**

"The standard for granting a motion for reconsideration is strict." <u>Szollosy v. Hyatt Corp.</u>, 2002 U.S. Dist. LEXIS 19594, *1 (D. Conn. June 11, 2002), a copy of which is appended hereto (citing <u>Schrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2nd Cir. 1995)). "The Second Circuit has stated that reconsideration is appropriate only under certain conditions: an intervening change in controlling law, new evidence, or the need to correct a clear error of law or to prevent manifest injustice." <u>Stanger v. Her-Fic, S.A.</u>, 2002 U.S. Dist. LEXIS 14047, *3 (D. Conn. July 2, 2002), a copy of which is appended hereto (citing <u>United States v. Sanchez</u>, 35 F.3d 673, 677 (2nd Cir. 1994)). And, as this court has noted: "A motion for reconsideration 'is not simply a second opportunity for the movant to advance arguments already rejected.'" <u>Martin</u>, 2004 WL 1171208 at *2 (quoting <u>Schrader</u>, 70 F.3d at 257). Thus, "'[a] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made,'" <u>Szollosy</u>, at *2 (citing <u>Horsehead Res. Dev. Co., Inc. v. B.U.S. Envt'l. Serv., Inc.</u>, 928 F. Supp. 287, 289 (S.D.N.Y. 1996)(internal citations and quotations omitted)), and "a motion to reconsider 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" <u>Stanger</u>, at *3 (quoting <u>Schrader</u>, 70 F.3d at 257).

Therefore, "[i]n order to prevent 'wasteful repetition of arguments already briefed, considered and decided,' a motion for reconsideration is granted only in a narrow range of

circumstances." Martin, 2004 WL 1171208 at *1 (citing Schonberger v. Serchuk, 742 F.Supp. 108, 119 (S.D.N.Y.1990). In fact:

> The only permissible grounds on which to grant a motion for reconsideration are: (1) an intervening change in the law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice

Martin, 2004 WL 1171208 at *1 (citing Doe v. New York City Dep't of Social Services, 709 F.2d 782, 789 (2nd Cir.), cert. denied sub nom., Catholic Home Bureau v. Doe, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983)). None of these grounds are present in this matter.

II.     **LEGAL ARGUMENT**

   A.     **The Present Matter Was Appropriately Decided On The Administrative Record.**

In his Motion for Reconsideration, the plaintiff asserts that he "did not agree to [the typical procedure in an IDEA case] or its deferential standard of review." Plaintiff's Memorandum of Law in Support of Motion for Reconsideration ["Plaintiff's Memorandum"], p. 2. That is not accurate. During a colloquy among counsel and the court at the start of the September 1, 2004 oral argument on the Board's summary judgment motion, it was agreed that the present matter was an administrative appeal and should be treated as such. The plaintiff's own pleadings describe this matter as an administrative appeal. For example, on the September 11, 2001 Civil Cover Sheet that the plaintiff filed with the court in conjunction with his Summons and Complaint, he identified the cause of action as: "20 U.S.C. 1415 (due process

3

*appeal*)." 9/11/01 Civil Cover Sheet (emphasis added). Similarly, in his one-count Complaint, the plaintiff identified his cause of action as follows: "Count one (20 U.S.C. 1415 *appeal*)." 9/11/01 Complaint, p. 1 (emphasis added). Additionally, the plaintiff appended to his Complaint a copy of the State Department of Education's July 30, 2001 administrative decision, the last page of which provides, inter alia: "*Appeals* from the hearing decision of the hearing officer may be made to state or federal court . . . in accordance with the provisions of . . . Section 20, United States Code 1415(i)(2)(A)." Complaint, Exhibit A, p. 8 (emphasis added).

Despite all of his prior admissions to the contrary, the plaintiff now asserts that the present matter should not be treated as an administrative appeal under the Individuals with Disabilities Education Act, 20 U.S.C. §§1400 *et seq.* ["IDEA"]. The plaintiff neglects to explain, however, what the present matter is if not an administrative appeal. Certainly, the IDEA does not provide for any other form of lawsuit. To the contrary, Section 1415(i)(2)(A), upon which the plaintiff admittedly bases this matter, provides only for an administrative appeal by "any part aggrieved by the findings and decision [of the administrative hearing officer]."[1] In short, and as admitted by the plaintiff, the present action is an administrative appeal.

1. **The Standard Of Judicial Review In IDEA Cases**

In conjunction with his contention that the present matter should not be considered an

---

[1] The IDEA also provides for civil actions seeking prevailing party attorney fees and costs, but that provision of the Act is not relevant to the present matter. 20 U.S.C. §1415(i)(3).

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

administrative appeal, the plaintiff criticizes this court's decision to "base [its] ruling on the preponderance of the evidence presented at the administrative hearing, giving appropriate deference to the Hearing Officer's determinations." P.S. v. Brookfield Board of Education, 353 F. Supp.2d 306, 313 (D. Conn. 2005). In fact, the plaintiff asserts that "it is . . . legal error to give deference to the Hearing Officer." Plaintiff's Memorandum, p. 4. The plaintiff, however, fails to cite any authority for his proposition that this court committed "legal error" in "giving appropriate deference to the Hearing Officer's determinations." P.S., 353 F. Supp.2d at 313. That is not surprising, given that the plaintiff's argument conflicts with the well-established standard of review regularly accorded administrative appeals under the IDEA.

In Walczak v. Florida Union Free Sch. Dist., 142 F.3d 119 (2nd Cir. 1998), the Second Circuit held:

> The responsibility for determining whether a challenged IEP will provide a child with an appropriate public education rests in the first instance with administrative hearing and review officers. Their rulings are then subject to "independent" judicial review. Board of Educ. v. Rowley, 458 U.S. at 205, 102 S.Ct. at 3050 (quoting S. Conf. Rep. No. 94-455, at 50 (1975), *reprinted in* 1975 U.S. Code Cong. & Admin. News 1480, 1503). The Supreme Court has cautioned, however, that *this "independent" review "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities they review."* Id. at 206, 102 S.Ct. at 3051. While federal courts do not simply rubber stamp administrative decisions, *they are expected to give "due weight" to these proceedings, mindful that the judiciary generally "lack[s] the 'specialized knowledge and experience' necessary to resolve 'persistent and difficult questions of educational policy.'"* Id. at 206, 208, 102 S.Ct. at 3050-51, 3052 (quoting San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 42, 93 S.Ct. 1278, 1301-02, 36 L.Ed.2d 16 (1973)) . . . . Deference is particularly appropriate when, as here, the state hearing officers' review has been thorough and careful.

5

Id. at 129 (emphasis added). The Second Circuit's holding in Walczak reiterated its prior decision in Garro v. State of Connecticut, 23 F.3d 734 (2nd Cir. 1994), in which the court held: "'Deference is owed to state and local agencies having expertise in the formulation of educational programs for the handicapped.'" Id., at 736 (quoting Briggs v. Board of Educ. of Connecticut, 882 F.2d 688, 693 (2nd Cir. 1989)). In short, this court correctly treated the present matter as an administrative appeal and applied the correct standard of review to that appeal.

    B.    **The Present Matter Was Appropriately Decided By Summary Judgment.**

In the present case, the plaintiff failed to submit his own summary judgment motion but instead relied upon an opposition memorandum that he interposed to the Board's summary judgment motion. In that memorandum, the plaintiff failed to adduce any evidence that would establish the existence of a material, disputed fact. Consequently, based upon the material facts not in dispute as well as the applicable law, this court granted the Board's summary judgment motion. Now, however, having already had judgment entered against him, the plaintiff attempts to submit a kind of *ex post facto* Motion for Summary Judgment in the guise of a Motion for Reconsideration. The plaintiff predicates this motion upon the same assertions upon which he based his April 7, 2004 Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. As such, the plaintiff fails to satisfy the strict standard for granting a motion for reconsideration, Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2nd Cir. 1995), for as this court has held: "A motion for reconsideration 'is not simply a second opportunity for the movant to

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO 62326

advance arguments already rejected.'" Martin, 2004 WL 1171208 at *2 (quoting Schrader, 70 F.3d at 257).

### 1.     Summary Judgment Is Appropriate In IDEA Administrative Appeals.

The plaintiff cannot reasonably argue that adjudicating this matter by summary judgment was somehow inappropriate. Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when the moving party sustains its burden of showing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. See also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In adjudging a motion for summary judgment, the "mere existence of factual issues -- where those issues are not material to the claims before the court -- will not suffice to defeat a motion for summary judgment." Quarles v. General Motors Corp., 758 F.2d 839, 840 (2d Cir. 1985). Consequently, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986), and neither "conclusory statements, conjecture, [n]or speculation" will suffice to defeat summary judgment. Kulak v. City of New York, 88 F.3d 63, 71 (2nd Cir. 1996). Similarly, "[m]etaphysical doubt, conjecture, or surmise cannot . . . defeat the motion," Halpern v. Federal Bureau of Investigation, 181 F.3d 279, 287 (2nd Cir. 1999), nor can "a summary judgment motion . . . be defeated by conclusory allegations, harsh invective, empty rhetoric, strained inferences, or unsupported

LAW OFFICES  •  SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC  •  646 PROSPECT AVENUE  •  HARTFORD, CONNECTICUT 06105-4286  •  (860) 233-2141
JURIS NO  62326

conjecture. Collier v. City of Chicopee, 158 F.3d 601, 604 (1st Cir. 1998)(citing Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir.1990)).

Furthermore, in the analogous context of deciding a motion for judgment pursuant to Rule 50 of the Federal Rules of Civil Procedure, the United States Supreme Court has held that when "entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S. Ct. 2097, 2110 (2000). In other words, "the court should give credence to the evidence favoring the nonmovant as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached.'" 120 S. Ct. at 2110 (quoting 9A C, Wright & A. Miller, *Federal Practice and Procedure* §2529, p. 300 (2nd ed. 1995)).

Actions brought pursuant to the IDEA are particularly susceptible to summary judgment. See, e.g., Walczak v. Florida Union Free Sch. Dist., 142 F.3d 119 (2nd Cir. 1998); Victoria L. by Carol A. v. District Sch. Bd. Of Lee County, Florida, 741 F.2d 269, 372-73 (11th Cir. 1984); Vander Malle v. Ambach, 667 F. Supp. 1015, 1033 (S.D.N.Y 1987), *modified on other grounds and aff'd*, 673 F.2d 49 (2nd Cir. 1982). Although summary judgment is generally adjudicated in the context of undisputed material facts, IDEA cases that present a mixture of law and fact may still be decided by summary judgment as such actions "are unusual in that an ample administrative record is placed before the district court for review." Bertolucci v. San Carlos

8

Elementary Sch. Dist., 721 F. Supp. 1150, 1153 (N.D. Cal. 1989). See also Mavis v. Sobol, 839 F. Supp. 968, 987 n. 32 (N.D.N.Y. 1993).

### 2. The Plaintiff Has Failed To Introduce Any New Evidence That Was Not Previously Available.

The plaintiff also cannot reasonably argue as a basis for his reconsideration motion that there is "new evidence not previously available." Martin, 2004 WL 1171208 at *1 (citing Doe, 709 F.2d at 789. The plaintiff bases his reconsideration motion almost entirely on lengthy passages from the administrative hearing transcripts. As this court noted in the present case, "[t]he parties have filed the administrative record with the court." P.S., 353 F. Supp.2d at 312. The court added that "the administrative record on which [the administrative hearing officer] based his decision is before me . . . [and] I base my ruling on the preponderance of the evidence presented at the administrative hearing." Id., at 313. In short, the "evidence" upon which the plaintiff bases his reconsideration motion is not "new" at all. It was part of the administrative hearing, the record of which was already before the court.

The cited passages from the administrative hearing transcripts does nothing to alter the legal basis upon which this court granted the Board's summary judgment motion. Furthermore, the mere fact that the plaintiff failed to cite to these passages in his opposition memorandum -- despite them having been available to him at that time -- does not transmute them into "new evidence." As noted, *supra*, "'[a] motion for reconsideration may not be used to plug gaps in an

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO 62326

original argument or to argue in the alternative once a decision has been made,'" Szollosy, at *2 (citing Horsehead Res. Dev. Co., Inc., 928 F. Supp. at 289)(internal citations and quotations omitted)), and "a motion to reconsider 'should not be granted where the moving party seeks solely to relitigate an issue already decided.'" Stanger, at *3 (quoting Schrader, 70 F.3d at 257). That, however, is precisely what the plaintiff attempts in his Motion for Reconsideration.

The plaintiff's most glaring reliance upon evidence that was previously addressed is his lengthy quotation from the Connecticut Department of Education's 1984 Policy Directive No. 56. See Plaintiff's Memorandum, p. 6. The plaintiff unsuccessfully raised this argument in the administrative hearing. See 9/11/01 Complaint, Exhibit A, p. 6, ¶5. Similarly, the plaintiff cited this same policy directive at pages 13 through 15 of his April 7, 2004 Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment. On both the administrative and trial levels, the Board introduced evidence that in 1997 the Connecticut Department of Education expressly repudiated the gloss that the plaintiff continues to place on the Department's 1984 policy directive. Specifically, the Board noted that in 1997, the Department of Education promulgated *Guidelines for Identifying and Educating Students With Serious Emotional Disturbance*, which provides:

> In December 1984, the Connecticut Department of Education issued a policy directive indicating that the local board of education remains responsible for a student's education when he or she is placed in a hospital due to emergency medical and/or psychiatric reasons. One *unintended* outcome of this policy has been that many students admitted to psychiatric hospitals have been automatically classified by Individualized Education

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326

> Program Teams as students with serious emotional disturbance and eligible for special education by virtue of their hospitalization.
>
> Frequently, students enter a psychiatric hospital without previously having been identified as eligible for special education and related services. A referral subsequent to such a placement is made to the school district by the student's parents or by hospital personnel. The district is then obligated to consider whether an evaluation is warranted under the circumstances to determine whether the child is eligible for special education. **The rights and procedures for evaluating the educational needs of a hospitalized student suspected of being eligible for special education are the same as for a student referred for evaluation within the school setting. The results of evaluations conducted by a psychiatric hospital may be accepted by the Individualized Education Program Team (IEP Team); however, the IEP Team assumes the responsibility of ensuring that the evaluation meets the standards for identifying any student suspected of having a disability.**

Id., the relevant portions of which were appended to the Board's December 19, 2003 Local Rule 56(a) Statement as Exhibit U, p. 14 (italicized emphasis added; bold print emphasis in original). The hearing officer expressly addressed and rejected the plaintiff's contention with respect to Policy Directive No. 56, citing in his Final Decision and Order 99-026 the Connecticut Department of Education's 1997 repudiation of the interpretation that the plaintiff repeatedly has argued.

For the plaintiff to cite to the Department of Education's 1984 policy directive – and to ignore the Department's 1997 *Guidelines* -- for the third time yet nonetheless claim it to be "new evidence not previously available" underscores the fact that the plaintiff's Motion for

11

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO 62326

Reconsideration is utterly devoid of any legally cognizable grounds for this court to reconsider its decision granting the Board's Motion for Summary Judgment.

### III.  CONCLUSION

Therefore, for the reasons set forth herein, the Brookfield Board of Education respectfully asks that this court deny the plaintiff's Motion for Reconsideration.

THE DEFENDANT,
BROOKFIELD BOARD OF EDUCATION

By _/s/ Michael P. McKeon_
Michael P. McKeon
Federal Bar No. ct02290
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Avenue
Hartford, Connecticut  06105-4286
Telephone:  (860) 233-2141
Facsimile:  (860) 233-0516
E-mail:  mmckeon@sscc-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing Defendant Brookfield Board of Education's Local Rule 56(a) Statement was sent via first-class mail, postage prepaid, on this 24th day of March 2005 to Jennifer D. Laviano, Esq., 77 Danbury Road, Suite C-6, Ridgefield, Connecticut 06877.

_____
Michael P. McKeon

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO  62326