UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

P.S.,

     Plaintiff,

     v.

THE BROOKFIELD BOARD OF
EDUCATION,
     Defendant.

CIVIL ACTION NO.
3:01cv1757 (SRU)

## RULING ON MOTION FOR RECONSIDERATION

On January 31, 2005, I issued a decision holding that the Individuals with Disabilities

Education Act ("the IDEA") did not entitle the plaintiff, P.S., to reimbursement for the cost of his

private education. *P.S. v. Brookfield Bd. of Educ.*, 353 F. Supp. 2d 306 (D. Conn. 2005).  I based

my decision on the preponderance of the evidence before me, which consisted of the record of

P.S.'s underlying administrative proceedings.  P.S. asks me to reconsider my decision,

principally on the grounds that: (1) I applied the wrong standard of review and (2) P.S. should

have been permitted to supplement the administrative record.  I have considered both these

arguments and write briefly to address them.

I.     **Background**

The underlying facts of this case are not relevant to the pending motion.  I therefore only

recount the pertinent procedural history.

P.S. filed his complaint on September 12, 2001.  On February 7, 2002, the court approved

the parties' scheduling order; neither party sought discovery.  On October 16, 2003, P.S. filed the

administrative record of his proceedings.  On December 12, 2003, the Brookfield Board of

Education ("the Board") filed a motion for summary judgment.  On September 1, 2004, after

both sides had fully briefed the motion for summary judgment, I heard oral argument.

At oral argument, both parties confirmed that they intended the court to decide the matter on the administrative record, despite the fact that the pending motion was styled as a motion for summary judgment.

> THE COURT:  We're getting into the merits a little bit which is fine but I'm just trying to sort out from the beginning whether there's agreement or disagreement about what it is I'm deciding and my understanding is I'm deciding what amounts to an administrative appeal on a supplemented record.
>
> [P.S.'s Attorney]:  We agree.
>
> [The Board's Attorney]:  We would agree.

Later in the argument, P.S.'s attorney noted that P.S. "may want to supplement the record."  At the close of the argument, I informed the parties "I believe I have the record that I need to issue a decision here."

On January 31, 2005, I issued my decision on the matter.  In the five months between oral argument and the filing of my decision, neither party sought to supplement the record.

## II.    Discussion

P.S. now argues that only a motion for summary judgment was before the court, and therefore the facts should have been construed in the light most favorable to P.S., the non-moving party.  Under that standard, he argues, the Board does not prevail.  In the alternative, P.S. argues that he should be provided an opportunity to supplement the record with additional testimonial evidence.

### A.    Standard Applied

There are two problems with P.S.'s argument that I should have applied the summary judgment standard rather than the "preponderance of the evidence" standard.

First, the parties' explicitly agreed that I was to conduct a review of the administrative record. I understand that P.S. is disappointed with the result of that review, but that, standing alone, is not grounds to undo a final judgment.

Second, regardless of the parties' agreement, "preponderance of the evidence" is the standard of review dictated by the IDEA.

> In any action brought under this paragraph, the court –
>
> (i) shall receive the records of the administrative proceedings;
>
> (ii) shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

20 U.S.C. § 1415(i)(2)(B). P.S. filed an action; filed the administrative record; did not supplement the record; and I decided the case on the basis of that record. That is what the IDEA requires. The fact that the case was brought to decision by a motion for summary judgment does not change anything, and is not particularly surprising. Summary judgment motions are often the procedural vehicle by which IDEA claims are decided, even though what the court actually does is conduct a review of the administrative record. *See, e.g.*, *J.R. v. Board of Educ. of the City of Rye*, 345 F. Supp. 2d 386, 394 (S.D.N.Y. 2004) ("IDEA actions in federal court generally are resolved by examination of the administrative record in a summary judgment procedural posture"); *A.S. v. Norwalk Bd. of Educ.*, 183 F. Supp. 2d 534, 539 (D. Conn. 2002) ("summary judgment appears to be the most pragmatic procedural mechanism in the Federal Rules for resolving IDEA actions") (quoting *Wall v. Mattituck-Cutchogue Sch. Dist.*, 945 F. Supp. 501, 508 (E.D.N.Y.1996)). In other words, when neither party seeks to supplement the administrative

record, once a district court has that record before it – as I did – the case is ripe for decision. Of course, that leaves open the question whether either party wished to supplement the record, which I turn to next.

### B.    Additional Evidence

P.S. argues that, even assuming the standard of review is "preponderance of the evidence," he should have been permitted to supplement the administrative record with additional testimonial evidence. Assuming that the evidence P.S. wishes to introduces is appropriate supplementary evidence,[1] he has waived his right to introduce it. P.S.'s motion for reconsideration is the first time, in the three and a half years since this case was filed, that he has sought to supplement the administrative record. The first time supplementation was even suggested by P.S. was three years into the case, at oral argument before this court, and, in the five months between that argument and the time my decision was issued, P.S. never sought to follow up on that suggestion. The IDEA permits supplementation of the administrative record, but such supplementation must be timely sought.

### C.    Other Issues

P.S. also contends that my decision in his case was erroneous, even on the current record and under the "preponderance of the evidence" standard. In support of this contention P.S.

---

[1] The IDEA requires the court to hear "*additional* evidence," with the delineation of that term being left, presumably, to the discretion of the district court. *See A.S. v. Trumbull Bd. of Educ.*, __ F. Supp. 2d __, 2005 WL 517539, *1 (D. Conn. Feb. 22, 2005). Much of the evidence that P.S. seeks to introduce appears to be the same evidence, or very similar to the evidence, that was presented at his administrative hearing. Accordingly, it is possible that some or all of it does not fall into the category of "additional evidence." *See Town of Burlington v. Dep't of Educ. for Massachusetts*, 736 F.2d 773, 790 (1st Cir. 1984) ("this clause does not authorize witnesses at trial to repeat or embellish their prior administrative hearing testimony; this would be entirely inconsistent with the usual meaning of 'additional'").

points to no "matters or controlling decisions," or even arguments, overlooked by my initial

decision. *See* L. Civ. R. 7(c)(1). Accordingly, I decline to reconsider that part of my decision.

**III.    Conclusion**

P.S.'s motion for reconsideration (doc. # 48) is GRANTED in part and DENIED in part,

however, on reconsideration, I abide by my prior decision.


It is so ordered.

Dated at Bridgeport, Connecticut, this 11th day of April 2005.


                                              ___/s/ Stefan R. Underhill_____
                                                   Stefan R. Underhill
                                                   United States District Judge