**MANDATE**

CT.DC/HTCT
01-CV-1757
UNDERHILL

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 19th day of June, two thousand and six.

PRESENT:

    HON. ROBERT D. SACK,
    HON. ROBERT A. KATZMANN,
             *Circuit Judges*,

    HON. J. GARVAN MURTHA,*

           *District Judge*.

----------------------------------------

P.S., MINOR, BY HIS PARENT J.S.,

    *Plaintiff-Appellant*,

    - v -                    No. 05-2382

BROOKFIELD BOARD OF EDUCATION,

    *Defendant-Appellee*,

STATE OF CONNECTICUT DEPT. OF EDUCATION,

    *Defendant*.

----------------------------------------

---

* The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

| | | |
|---|---|---|
| For Appellant: | | Joseph P. Secola, Secola Law Offices, Brookfield, CT. |
| For Appellee: | | MICHAEL P. MCKEON, Sullivan, Schoen, Campane & Connon, LLC, Hartford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, Judge).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, AFFIRMED.

The plaintiff, P.S., appeals from a judgment of the district court (Underhill, J.), affirming on a summary judgment motion a Connecticut Department of Education Hearing Officer's determination that the defendant, Brookfield Board of Education (the "Board"), was not liable to P.S. under the Individuals with Disabilities Education Act ("IDEA") for the reimbursement costs of his private education. P.S. argues, *inter alia*, that the district court applied the wrong standard of review and that the Board's school psychologist was not sufficiently qualified to evaluate P.S. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

We review a district court's grant or denial of summary judgment *de novo*. In so doing, we "view the facts in the light most favorable" to the plaintiff, and "draw all reasonable inferences in [his] favor." Island Software & Computer Serv. v. Microsoft Corp., 413 F.3d 257, 260 (2005).

P.S. first argues that the district court erred in according any deference to the Hearing Officer's conclusion that the Board's proposed evaluation procedurally and substantively complied with the requirements of the IDEA. District courts are to employ a preponderance of the evidence standard in evaluating IDEA petitions, M.S. v. Yonkers Bd. of Educ., 231 F.3d 96, 102 (2d Cir. 2000), but the Supreme Court has cautioned that this standard "is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review," Bd. of Educ. v. Rowley, 458 U.S. 176, 206 (1982). Instead, "district courts are required to give 'due weight' to the findings of a state administrative proceeding." Muller ex rel. Muller v. Committee on Special Educ., 145 F.3d 95, 101 (2d Cir. 1998) (citing Rowley, 458 U.S. at 206). Thus, the district court properly accorded deference to the Hearing Officer's factual findings.

2

    P.S. also argues that the school psychologist the Board sought to have evaluate him was not a "qualified professional" and could have put him at risk of harm. <u>Dubois v. Connecticut State Bd. of Education</u>, 727 F.2d 44, 48 (2d Cir. 1984) ("Before a school system becomes liable under the Act for special placement of a student, . . . the school system may insist on evaluation by <u>qualified professionals</u> who are satisfactory to the school officials.") (emphasis added). However, P.S. did not offer evidence to support these assertions. Although one of his experts confirmed that if a child were "evaluated inappropriately, or by the wrong person," he might be put at risk, and another testified that school psychologists did not receive the same level of training as certified psychologists, no one testified that P.S. would be harmed if he were evaluated by the Board's school professional.

    The district court therefore properly granted the Board's motion for summary judgment. We have considered the appellant's other arguments and concluded they are without merit.

    For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

By: *Lucille Carr*

A TRUE COPY
Roseann B. MacKechnie, CLERK

*[signature]*
DEPUTY CLERK

3